IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALFRED CONCHA, | : | CIVIL ACTION |
|           Plaintiff, | : | |
| | : | No. 13-5709 |
| v. | : | |
| | : | |
| PERFECSEAL, INC. and BEMIS | : | |
| COMPANY, INC., | : | |
|           Defendants. | : | |

MEMORANDUM

**MCHUGH, J.**                                                                           September 15, 2014

      This is a claim for employment discrimination, in which the plaintiff, Alfred Concha, has sued both his employer, Perfecseal, Inc., and its parent company, Bemis. Bemis now moves to dismiss for failure to state a claim, alleging that the plaintiff (1) has not exhausted his administrative remedies against it prior to filing this suit, and (2) has not adequately alleged that Bemis was an "integrated employer" capable of being liable in a Title VII discrimination suit.

Exhaustion of Administrative Remedies as to Bemis

      Generally, a Title VII action may only be brought against a party previously named in an EEOC action. Schafer v. Bd. of Educ. of the Sch. Dist. of Pittsburgh, Pa., 903 F.2d 243, 251 (3d Cir. 1990). Administrative exhaustion is a jurisdictional prerequisite to suit, and parties must exhaust all administrative remedies against the named parties before bringing suit. McLaughlin v. Rose Tree Media Sch. Dist., 1 F. Supp. 2d 476, 481 (E.D. Pa. 1998). The Pennsylvania Human Relations Act (PHRA), under which the plaintiff is also proceeding, does not contain an

1

analogous requirement, but this court has held that it should be interpreted consistently with Title VII. Id. at 481-82. There is a recognized exception to this exhaustion requirement when a party unnamed in the EEOC complaint (1) received notice of the EEOC complaint, and (2) there is a shared commonality of interest between the named and unnamed parties. Schafer, 903 F.2d at 252; Glus v. G.C. Murphy Co., 629 F.2d 248, 251 (3d Cir. 1980).

It is clear that Bemis was not named in either the EEOC complaint or the PHRC charge, and the EEOC findings named only plaintiff's direct employer Perfecseal as the respondent. However, in responding to the motion to dismiss, the plaintiff has included a letter from Bemis to the EEOC as Exhibit A to his Brief in Opposition to this Motion to Dismiss.[1] This letter is in reference to EEOC charge 530-2012-03278 which matches the complaint the plaintiff filed on August 12, 2012. In the letter, Bemis identifies the parties to the case as "Bemis Company, Inc. (dba Perfecseal) vs. Concha." Furthermore, it states that Bemis had received notice from the EEOC Enforcement Manager of the Philadelphia office that the charge was being transferred to that office. The letter also references an enclosed response to the charges that includes affirmative defenses and supporting documentation. The letter is signed by Becky K. Baron, the Corporate EEO & AA Compliance Manager at Bemis. This is enough to establish that Bemis had actual notice of the EEOC complaint.

---

[1] The court may consider the letter in deciding this Motion to Dismiss without converting it to a Motion for Summary Judgment. Tlsuh v. Mfrs. Res. Ctr., 315 F. Supp. 650, 654 (E.D. Pa. 2002).

> [I]n resolving a 12(b)(6) motion to dismiss, a court may look beyond the complaint to matters of public record, including court files and records, and documents referenced in the complaint or essential to a plaintiff's claim which are attached to a defendant's motion." Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). Under this standard, administrative filings, such as the record of the case before the EEOC, may be considered by the court without converting the motion to dismiss into a motion for summary judgment. See Pension Benefit Guar. Corp., 998 F.2d at 1196–97; Arizmendi v. Lawson, 914 F. Supp. 1157, 1160–61 (E.D. Pa. 1996).

Tlush, 315 F. Supp. at 654.

2

The commonality of interest requirement is satisfied by looking to the Glus factors set forth by the Third Circuit. Owens v. Allegheny Valley Sch., 869 F. Supp. 2d 653, 659 (W.D. Pa. 2012). The factors are as follows:

> 1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; 2) whether, under the circumstances, the interests of a named [party] are so similar [to] the unnamed party that for purposes of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; 3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; 4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

Glus, 629 F.2d at 251. "[The] four-prong test is not a mechanical one; no single factor is decisive. Instead each factor should be evaluated in light of the statutory purposes of Title VII and the interests of both parties." Id. Based on the letter from Bemis to the EEOC, it is apparent that Bemis' absence from the EEOC proceedings did not result in any prejudice to its interest. Rather, Bemis attached affirmative defenses and supporting evidence to the letter that it sent to the EEOC, allowing it to participate in the proceedings. Furthermore, Bemis represented in the letter that its participation in the proceeding was to be through Perfecseal, the named party. Bemis refers to itself as "Bemis Company, Inc. (dba Perfecseal)." As the parent company, Bemis' interests are similar and aligned with those of Perfecseal.

Both notice and commonality of interest have been sufficiently established at the pleading stage, and the First Amended Complaint will not be dismissed for failure to exhaust administrative remedies.

Sufficiency of the Allegations Against Bemis

The parties agree that there is an initial presumption that "a parent corporation generally is not liable for the wrongful acts of its subsidiaries simply because the parent wholly owns the subsidiary." DeLa Cruz v. Piccari Press, 521 F. Supp. 2d 424, 429 (E.D. Pa. 2007). The parties also agree that this presumption may be overcome by meeting the requirements of the "integrated enterprise" test, which contains the following four prongs to determine if a subsidiary is a mere instrumentality of its parent: "(1) is there functional integration of the operations of the parent and subsidiary; (2) are labor relations centrally controlled; (3) is there common management; and (4) is there common ownership and financial control." Id. at 430. No single factor of this test is dispositive, but should be judged by the entirety. Pearson v. Component Tech. Corp., 247 F.3d 471, 486 (3d Cir. 2001).

The Court must "accept as true all the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the nonmoving party." Rocks v. Philadelphia, 868 F.2d 644, 645 (3d Cir. 1989). Dismissal is inappropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Robb v. Philadelphia, 733 F.2d 286, 290 (3d Cir.1984). The complaint states that "[a]t all times relevant hereto, [Bemis] employed managers, supervisors, agents, and employees who plaintiff alleges had the authority to make decisions concerning the plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory and retaliatory treatment which forms the basis of the plaintiff's allegations in the instant complaint." In that regard, Bemis' response to the EEOC complaint, and its description of itself as "doing business" through its subsidiary,

4

Perfecseal, adds a degree of plausibility to plaintiff's position. While the pleading as to the existence of an integrated enterprise is somewhat conclusory, it is sufficient to survive dismissal.

An order denying the motion follows.

/s/ Gerald Austin McHugh<br>United States District Court Judge